## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, 1800 Massachusetts Ave, Suite 301 Washington, D.C. 20036,<br><br>and<br><br>STEPHEN ABRECHT, RODERICK S. BASHIR, DAVID HUERTA, EMANUEL PASTREICH, APRIL VERRETT, EDWARD J. MANKO, CHRISTOPHER B. BOUVIER, INGA CRAREY, THOMAS LAMARTINA, JOHN J. SHERIDAN, KEVING MCGARR, AND FRANK A. MAXSON, TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, 1800 Massachusetts Ave, Suite 301 Washington, D.C. 20036,<br><br>Plaintiffs,<br><br>v.<br><br>BRIMSTONE ALLON ENTERPRISES, LLC 2771 Crystal Woods Dr., Ste 1400 Finksburg, M.D. 21048<br><br>and<br><br>DIANE M. VALWAY AND RICK VALWAY, TRUSTEES 2771 Crystal Woods Dr., Ste 1400 Finksburg, M.D. 21048<br><br>Defendants. | Case No: 1:19-cv-1092 |

**Additional Required Service under 29 U.S.C. § 1132(h) to:**

**U.S. Department of Labor**
**Attn: Assistant Solicitor**
   **for Plan Benefits Security**
**200 Constitution Ave., N.W.**
**Washington, DC 20210**

**U.S. Department of Treasury**
**Attn: Secretary of the Treasury**
**1500 Pennsylvania Avenue, NW**
**Washington, D.C. 20220**

## COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, AUDIT TESTING FEES, ATTORNEY'S FEES AND COSTS

## Introduction, Jurisdiction and Venue

1.      This is a civil action brought by an employee benefit plan, and by the Trustees of an employee benefit plan, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), to collect unpaid collectively bargained contributions, interest, liquidated damages, and audit fees owed by the Defendant.

2.      Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. §§ 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3.      Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Service Employees International Union National Industry Pension Fund is administered in this District.

4.      Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail on or about the date of filing.

## Parties

5.      Plaintiff Service Employees International Union National Industry Pension Fund ("SEIU Pension Fund") is an employee pension benefit plan within the meaning of Sections 3(2), (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The SEIU Pension Fund is and at all times

material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The SEIU Pension Fund is administered at 1800 Massachusetts Avenue NW, Suite 301, Washington, DC 20036.

6.      Plaintiff Trustees of the SEIU Pension Fund, Stephen Abrecht, Roderick S. Bashir, Christopher Bouvier, Thomas LaMartina, Edward J. Manko, John J. Sheridan, Frank A. Maxson, April Verrett, David Huerta, Inga Crarey, Kevin McGarr and Emanuel Pastreich are the duly authorized Trustees of the SEIU Pension Fund whose duty it is to administer the SEIU Pension Fund for the benefit of the participants and beneficiaries of the SEIU Pension Fund. Plaintiff Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

7.      Defendant Brimstone Allon Enterprises, LLC ("Brimstone Allon") is an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and Section 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

8.      Upon information and belief, Defendant Brimstone Allon is a forfeited corporation in the state of Maryland, with a principal business office address of 2771 Crystal Woods Drive, Ste 1400, Finksburg, M.D., 21048.

9.      Upon information and belief, Defendants Diane M. Valway and Rick Valway are directors and trustees of Brimstone Allon, and can be sued in the name of Brimstone Allon pursuant to Md. Corporations & Associations Code § 3-515(c)(3), and can receive process at the same address as the office address of Brimstone Allon.

**Factual Background**

10.     At all relevant times, 1199 Service Employees International Union, United Healthcare Workers East, NJ Region ("the Union") has been the exclusive bargaining representative for all bargaining unit employees employed by Defendant.

11.     Upon information and belief, Defendant Brimstone Allon is a management company that employed bargaining unit employees at Cranford Health and Extended Care ("Cranford") during the periods of time relevant to this Complaint.

12.     A number of nursing homes, including Cranford, entered into a collective bargaining agreement known as the "Tuchman Agreement" with the Union for their employees effective for the period of March 13, 2008 through February 28, 2013. A true, correct and complete copy of the Tuchman Agreement is attached as Plaintiff's Exhibit 1.

13.     Cranford, as part of a group of nursing homes, underwent interest arbitration with the Union to negotiate a new CBA in 2012. The arbitrator's award extended the term of the Tuchman Agreement from March 1, 2012 through June 30, 2016 with amendments. A true, correct, and complete copy of the renewed Tuchman Agreement is attached as Exhibit 2.

14.     Defendant Brimstone Allon, signed a Memorandum of Agreement ("MOA") with the Union agreeing "to be bound by all terms of the collective bargaining agreement between the Union and Cranford Health and Extended Care that became effective March 12th, 2012 until June 30th, 2016". Ex. 3. A true, correct and complete copy of the MOA is attached as Plaintiffs' Exhibit 3. The MOA was effective for the period of April 16, 2015 through June 30, 2016. Ex. 3.

15.     Upon information and belief, from July 1, 2016 through December 31, 2016, Defendant Brimstone Allon adopted by conduct an agreement to continue contributing to the SEIU

4

Pension Fund consistent with the terms of the MOA by continuing to pay contributions and submit written remittance reports to the SEIU Pension Fund specifying the contributions to be made. During that time period, Brimstone Allon acted in a manner consistent with the conduct of a participating employer.

16. Pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, employers who are obligated to make contributions to a multi-employer employee benefit plan must do so in accordance with the terms of the applicable collective bargaining agreement. Here, the Tuchman Agreement states that "the Employer shall make periodic contributions on behalf of all employees covered by the Collective Bargaining Agreement to the Service Employees International Union National Industry Pension Fund." Ex. 1, Art. 30.1. The Tuchman Agreement further stated that the "Employer agrees to become and remain a participating employer in the Fund throughout the term of this Collective Bargaining Agreement, including any extensions thereof." Ex. 1, Art. 30.2. Pursuant to the renewed Tuchman Agreement, the Defendant is obligated to remit contributions to the SEIU Pension Fund for its covered employees at a rate of 2.75% per hour paid. Ex. 2, at 22.

17. Pursuant Article 30.4 of the Tuchman Agreement, the "Employer hereby agrees to be bound by the provisions of the Agreement and Declaration of Trust establishing the Fund, as it may from time to time be amended, and by all resolutions and rules adopted by the Trustees pursuant to the powers delegated to them by that agreement, including collection policies, receipt of which is hereby acknowledged." Ex. 1, Art. 30.4. A true and correct copy of the Trust Agreement is attached as Plaintiffs' Exhibit 4. Pursuant to Section 5.1(22) of the Trust Agreement, the Trustees are empowered to create and enforce a collection policy for the assessment of unpaid and delinquent contributions. *See* Exhibit 4 at Section 5.1(22). Accordingly, Defendant is obligated

5

to remit contributions to the SEIU Pension Fund in accordance with the collection policies adopted by the Trustees. A true and correct copy of the Statement of Policy for Collection of Delinquent Contributions ("Collection Policy") is attached as Plaintiffs' Exhibit 5.

18.     At all relevant times, Section 3.1 of the SEIU Pension Fund's Trust Agreement provides that an employer must submit complete remittance reports to the SEIU Pension Fund with the employer's contributions. The remittance report must contain the names of each covered employee and the number of compensable hours for each employee during the reporting month. Ex. 4, Sec. 3.1.

19.     Section 5 of SEIU Pension Fund's Trust Agreement and Section 4 of the Collections Policy both provide that the SEIU Pension Fund may audit any contributing employer for the purpose of ensuring that such employer has remitted the appropriate amount of contributions to the Pension Fund. Ex. 4, Sec. 5; Ex. 5, Sec. 4.

20.     Section 3.2 of the Trust Agreement and Section 2 of the Collection Policy provide that an employer delinquent in its contribution obligations to the SEIU Pension Fund and the subject of a collection lawsuit is liable for interest at the rate of ten percent (10%) per annum, liquidated damages at the greater of the interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions after the commencement of legal action, and attorneys' fees and costs. Ex. 4, Sec. 3.2; Ex. 5, Sec. 2.

21.     Pursuant to the Pension Protection Act of 2006, 29 U.S.C. § 1085 et seq. ("PPA"), the SEIU Pension Fund was determined to be in critical status for the plan years beginning January 1, 2009, January 1, 2010, January 1, 2011, January 1, 2012, January 1, 2013, January 1, 2014, January 1, 2015, January 1, 2016, and January 1, 2017. Participating employers in the Fund were

notified of this status via letters sent April 30, 2009, April 30, 2010, April 30, 2011, April 30, 2012, April 30, 2013, April 28, 2014, April 28, 2015, April 28, 2016, April 28, 2017, and April 28, 2018. Copies of these letters are attached as Plaintiffs' Exhibit 6.

22.     For plans in critical status, the PPA requires that all contributing employers pay to the plan a surcharge to help correct its financial situation. The amount of the surcharge is equal to a percentage of the amount an employer is otherwise required to contribute to the plan. For the SEIU Pension Fund, a five percent (5%) surcharge was applicable in the initial critical year (2009), and a ten percent (10%) surcharge was applicable in 2010 and for each succeeding plan year thereafter in which the plan is in critical status, until the bargaining parties agree to a Collective Bargaining Agreement that implements the supplemental contribution schedules in the Rehabilitation Plan adopted by the SEIU Pension Fund or the Default Schedule is imposed on the participating employer. Participating employers were notified of the Rehabilitation Plan adopted by the SEIU Pension Fund in November 2009. A copy of this letter is attached as Plaintiffs' Exhibit 7.

23.     Pursuant to Article 30.3 of the renewed Tuchman Agreement, Defendant is obligated to remit supplemental contributions pursuant the Preferred Schedule of the Fund's Rehabilitation Act. Therefore, Brimstone Allon was obligated to remit supplemental contributions at the rate of 48.3% per paid hour effective July 1, 2014, 59.8% effective July 1, 2015, and 72.1% effective July 1, 2016. Ex. 2, Art. 30.3, Ex. 7, App. B.

24.     The Fund conducted an audit of Defendant's payroll records for the calendar years 2015 through 2016 which revealed that Defendant has failed to remit certain contractually required contributions and has failed to pay certain interest charges, liquidated damages, and supplemental

contributions due under the PPA to the SEIU Pension Fund. A true and accurate copy of the audit is attached as Plaintiffs' Exhibit 8.

## COUNT I – Amounts Owed Pursuant to Audit

25.     Plaintiffs reallege and incorporate Paragraphs 1 through 24.

26.     This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

27.     Defendant Brimstone Allon was obligated, pursuant to the Tuchman Agreement, to provide contributions to the SEIU Pension Fund on behalf of its covered employees.  Defendants have failed and refused to fulfill Brimstone Allon's contractual obligations for owed contributions, resulting interest and liquidated damages, and PPA supplemental contributions, as demonstrated by a payroll audit conducted on Brimstone Allon by the SEIU Pension Fund for the calendar years 2015 and 2016**.** The audit revealed that Brimstone Allon owes $9,520.93 in contributions, $3,342.41 in interest (calculated through June 21, 2018), $784.17 in liquidated damages, and $5,894.17 in PPA supplemental contributions to the SEIU Pension Fund. Ex. 8. While contributions remain unpaid, interest continues to accrue on these delinquent contributions. Additionally, audit fees in the amount of $413.35 have been assessed pursuant to the Fund's governing documents. *Id.* The audit also revealed an overpayment of $448.60. *Id.*

28.     The audit revealed that Defendant Brimstone Allon owes a total of $19,506.43 to the SEIU Pension Fund for unpaid contributions, interest, liquidated damages, and audit testing fees for the calendar years 2015 and 2016. *Id.*

29.     The Fund's records show that Brimstone Allon overpaid contributions for the month of June 2016 in the amount of $8,724.47. This credit has been applied to the audit amounts

owed. Therefore, Brimstone Allon owes the remaining balance of $10,781.96.

30.     Under Section 502(g) of ERISA, 29 U.S.C. § 1132(g), Plaintiffs are entitled to recover all costs of this action from Defendants, including reasonable attorneys' fees and court costs.

31.     Prior to commencing this lawsuit, the SEIU Pension Fund sent several letters and attempted to contact Defendant Brimstone Allon through communication with Defendant Rick Valway in efforts to obtain the outstanding amounts due from Brimstone Allon, but Defendant Rick Valway has refused to make payment on the amounts due. There is little prospect that, lacking judicial compulsion, Defendants will satisfy Brimstone Allon's obligations to the SEIU Pension Fund, and pay the delinquent and unpaid contributions, liquidated damages and interest due to the SEIU Pension Fund

32.     The continued failure to pay the amounts due has caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Pension Fund, endangered the eligibility of covered members' pension benefits, and other harm. Defendants' failure and refusal to comply with Brimstone Allon's obligations creates an atmosphere in the industry that encourages other employers to do the same.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1.      Declare that Defendant Brimstone Allon is delinquent in remitting owed contributions, interest, liquidated damages, and audit testing fees to the SEIU Pension Fund pursuant to the Collective Bargaining Agreement;

2.      Enter judgment in the amount of $10,781.96 pursuant to the audit conducted for the calendar years 2015 and 2016, enforceable jointly and severally against all Defendants**;**

3.     Enter judgment for Plaintiffs' attorneys' fees and costs, as required by the Collective Bargaining Agreement, the Trust Agreement, and Section 502(g) of ERISA;

4.     Retain jurisdiction of this case pending compliance with its Orders; and,

5.     Grant such additional relief as the Court may deem appropriate.

Respectfully submitted,


_____/s/ Mary W. Thuell_____
Mary W. Thuell (D.C. Bar No. 1017279)
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street, NW, Suite 400
Washington, D.C. 20036
(202) 783-0010
(202) 783-6088 Facsimile
mthuell@mooneygreen.com
Counsel for the Plaintiffs

Dated: April 18, 2019

## CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)

I hereby certify that on this 18th day of April, 2019, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, ATTORNEYS FEES, AND COSTS was served via certified mail on:

U.S. Department of Labor
Attn: Assistant Solicitor for Plan Benefits Security
200 Constitution Ave., N.W.
Washington, DC 20002

U.S. Department of Treasury
Attn: Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

_____/s/ Mary W. Thuell_____
Mary W. Thuell